Matthias, J.
 

 The demurrer clearly challenges the validity of the election upon the ground that the ballots prepared by the board of deputy state supervisors of elections and submitted to the electors were not in the form required by Section 5649-9c, General Code. A comparison of the form of ballot used with the form prescribed by statute discloses the omission of a substantial portion of the form of ballot which the statute provides shall be used.
 

 Section 5649-9c, General Code (111 0. L., 336), provides as follows :
 

 “For an issue of bonds by the * * * for the purpose of * *
 
 *
 
 in the sum of * * * and a levy of taxes outside of existing limitations
 
 *419
 
 estimated by the county auditor to average * * * mills for a maximum period of * * * years to pay the principal and interest on such bonds. Yes.”
 

 This is followed by the same form after which is the word “No.”
 

 The question presented is whether the provision that such form of ballot shall be used is mandatory and the failure to fully follow such requirement renders the election invalid and warrants the refusal of the county auditor to include the annual levies for the purpose of paying such bonds in the budget to be submitted to the budget commissioners of the county.
 

 Section 5649-9c, General Code, is part of “An act to provide for the issue of bonds by local subdivisions,” etc., passed March 25, 1925, which prescribes the action essential when the proposition of issuing bonds is required to be submitted to the vote of the people of any political subdivision. The bond-issuing authority shall pass a resolution setting forth the necessity for such bond issue, its purpose, amount, and approximate maturities, and also the necessity of the levy of a tax outside of the limitations upon tax rates prescribed by law to pay the interest and retire the bonds. This resolution is required to be certified to the county auditor, who, in turn, is required to calculate the average annual levy necessary to pay the interest and retire the bonds, and to certify those facts to such bond-issuing authority. If it still desires to proceed with the issue of the bonds, such bond-issuing authority shall certify its resolution, together with the amount of the average tax levy
 
 *420
 
 estimated by the county auditor and the maximum number of years required to retire the bonds, to the deputy state supervisors of elections of the county, and they shall prepare the ballot and make other necessary arrangements for the submission of the question.
 

 It is to be observed that the language prescribing the official action to be taken precedent to the question of issuing bonds is mandatory in character throughout these provisions. It could not be more imperative if it read that “in order to authorize the issuance of such bonds the bonding authority must,” etc. The authority of the people sought in such election, and essential to be procured before the proposed project may go forward, is not only for the issuance of bonds of the subdivision for the purpose and in the amount declared to be necessary, but also for the levy of a tax outside of all limitations upon tax rates prescribed by law, and language could not have been used which would more imperatively or peremptorily require that the information necessary to intelligent action of the electors should be placed before them. Notice of the election by publication, in the manner and for the time stated, setting forth such detailed information as required by Section 5649-9b, General Code, was not deemed sufficient, for it was further provided (Section 5649-9c) that “the form of the ballots cast at such election shall be as follows,” and then the same information is required to be set out in detail before the word “Yes” and again before the word “No.” These provisions are imperative and mandatory in form and are clearly calculated and intended for the
 
 *421
 
 protection of the citizen, and a disregard thereof would tend injuriously to affect his rights. Surely such provisions cannot he lightly cast aside as merely declaratory.
 

 The form of the ballot as prepared by the deputy state supervisors of elections and submitted to the electors discloses the purpose and the amount of the bond issue; but the facts relative to the tax necessary to be levied outside of all existing limitations, and the number of years the same must be paid if the boncT issue is authorized, which the statute so peremptorily requires shall be procured and published and also certified to the deputy state supervisors of elections to be placed on the ballot for the information of the elector, are not there. No one would claim that the requirement as to publication of notice, or as to the form of ballot, had been substantially complied with, if the amount of the bonds proposed to be issued had not been stated; but surely it is far more important to the taxpayer to know what tax it is proposed to levy upon his property, and how long it must run. The ballot in the form presented to the electors cannot be regarded as a substantial compliance with the requirements of the statute.
 

 The situation here presented calls for the application of the general rule stated by 2 Sutherland on Statutory Construction (2d Ed.), Section 627:
 

 “Mandatory statutes are imperative; they must be strictly pursued; otherwise the proceeding which is taken ostensibly by virtue thereof will be void. Compliance therewith, substantially, is a condition precedent; that is, the validity of acts done under
 
 *422
 
 a mandatory statute depends on a compliance with its requirements.”
 

 The further rule stated by the same author (Section 628) is applicable:
 

 “What the law requires for the protection of the taxpayer, for example, is mandatory, and cannot be regarded as directory merely.”
 

 The decisions seem quite uniform in holding that those measures which are intended for the security of the citizen, or for securing equality of taxation, or to enable one to know with reasonable certainty for what real and personal property he is taxed, are conditions precedent and are mandatory, and that those provisions are directory which relate to some comparatively immaterial matter which is not of the essence of the thing to be done, as stated in the authority above quoted, “where compliance is a matter of convenience rather than substance.”
 

 From a mere casual reading of the statute before us for consideration in this case the conclusion is irresistible that the acts which were prescribed by the mandatory language employed were required for the protection of the taxpayer, and therefore cannot be regarded as merely directory, but must be substantially complied with. State
 
 ex rel. Greenlund
 
 v.
 
 Fulton, Secy, of State,
 
 99 Ohio St., 168, 124 N. E., 172; 25 Ruling Case Law, 770;
 
 French
 
 v.
 
 Edwards,
 
 13 Wall., 506, 20 L. Ed., 702;
 
 Lyon
 
 v.
 
 Alley,
 
 130 U. S., 177, 9 S. Ct., 480, 32 L. Ed., 899;
 
 Erhardt
 
 v.
 
 Schroeder,
 
 155 U. S., 124, 15 S. Ct., 45, 39 L. Ed., 94.
 

 It is our conclusion, therefore, that there was not a substantial compliance with the mandatory provisions of the statute referred to and that in
 
 *423
 
 the absence of such substantial compliance tbe issuance of the bonds of tbe subdivision is unauthorized. Tbe demurrer, to the petition is therefore sustained and tbe writ of mandamus prayed for is denied.
 

 Writ denied.
 

 Marshall, C. J., Jones, Day, Allen, Kinkade and Robinson, JJ., concur. .