Allen, J.
Are the provisions of Section 2293-21, General Code, providing for publication of notice of elections, mandatory or directory? The section reads as follows:
“The election shall be held at the regular places for voting in such subdivision and shall be conducted, canvassed and certified in the same manner as regular elections in such subdivision for the election of county officers. Notice of the election shall be published in one or more newspapers of general circulation in the subdivision once a week for four consecutive weeks prior thereto, stating the amount of the proposed bond issue, the purpose for which such bonds are to be issued, the maximum number of years during which such bonds shall run and the estimated average additional tax rate, outside of the fifteen mill limitation, as certified by the county auditor. ’ ’
The question involved here is not one of substantial compliance with the statute. We have not the case of some mere clerical defect in publication, or failure to publish for the entire statutory period. *458 It is conceded that no notice whatever was given as provided under the section. It is argued on behalf of the relator that the giving of general notice through the various civic organizations supplied the deficiency. We are unable, however, to agree with this contention. The statute plainly provides that notice of the election “shall” be published as.therein provided. The phrase used is mandatory. The principle laid down by this court in cases too numerous to require their citation is that, where certain acts required to be done are of the essence of the thing required to be done by law, those acts are imperative. The latest pronouncement of this court upon this subject was made in the case of Board of Education of Ashville Village School Dist. v. Briggs, Aud., 114 Ohio St., 415, 151 N. E., 327, in which it wias decided that the provisions of Section 5649-9c, General Code, with reference to the form of ballot submitted to the electors, are mandatory, and must be substantially complied with. In that case the election was held to be invalid, and the writ of mandamus ordering the issuance of the bonds authorized in the election was denied.
It could hardly be argued that the word “shall,” which occurs twice in the first sentence of the section, “The election shall be held at the regular places for voting * * # and shall be conducted * * * in the same manner as regular elections * * * for the election of county officers,” is directory only, and that there is a discretion in the election officials to decide whether or not the election shall be held, where it shall be held, and how it shall be conducted. If the term is mandatory in the first sentence, why should the third “shall,” in the same section, be. *459 directory? If such a distinction is made it should be justified by the context or by some authority, but no reason is cited as a basis for the claim that the word “shall” in the second sentence, with reference to notice of the election, means “may.”
The purity of elections necessarily is dependent upon the knowledge and notice that the individual voter has of the character, time and place of each particular election. To grant a discretion to election officials in the method of giving such notice would invest the servants of the public instead of the public itself with the sovereign power. The statute is clearly mandatory.
Moreover, even though the election had been regular, no clear legal duty rested upon the county commissioners to issue the bonds. Hence the writ will be denied.

Writ denied.

Marshall, C. J., Kinkade, Robinson, Jones, Matthias and Day, JJ., concur.