By the Court.
 

 The first paragraph of Section 2293-15a, General Code, reads, in part:
 

 “In school districts where school buildings have been
 
 * * *
 
 condemned by duly constituted public au
 
 *105
 
 thority, * * * and where existing limitations make adequate replacement *
 
 * *
 
 or improvements impossible as determined by the local board of education, such board'may declare an emergency. Upon the declaration of an emergency, the local board of education, in accordance with law, shall place before the electors of the district the question of issuing bonds for the replacement * * * of * * * school buildings. The form of the ballot
 
 shall describe the emergency existing, the authority under which it is declared, and shall state that the bond issue for emergency purposes is beyond the limitations heretofore prescribed by law and that electors are to express their wishes yes or no.
 
 If 65 per centum of the electors voting on the question of such bonds vote in favor thereof, the taxing authority of the school district shall have authority to issue such bonds
 
 in accordance with the provisions of this section, the uniform bond act of Ohio and the General Code
 
 and the debt service levies for such bonds shall be outside of all limitations on the tax rate.” (Emphasis supplied.)
 

 Other provisions of that section and the Uniform Bond Act will be set forth and discussed later.
 

 The first contention of respondent is that there was no condemnation authorizing the board of education to act under Section 2293-15a, General Code, in view of the fact that the order of the Department of Industrial Delations in item numbered three “recommended” that the use of the structure be permanently discontinued not later than June 1949. Despondent does not, however, discuss the effect of the later language of the order reading, “item three to be complied within eighteen months.”
 

 “Condemn” is defined as follows in Webster’s New International Dictionary (2 Ed.): “To adjudge or pronounce to be unfit for use or service. ’ ’
 

 
 *106
 
 The order was sufficient to condemn the use of the school building and to warrant the board of education declaring an emergency. See Section 4834-10, General Code.
 

 Respondent insists that the board of education failed to comply with the 60-day requirement of Section 2293-19, General Code (118 Ohio Laws, 20), for certifying a bond resolution to the county auditor. The third paragraph of Section 2293-15&, General Code (118 Ohio Laws, 703, 707), provides that a resolution declaring the necessity shall be certified to the county auditor “at least thirty days prior to the election * * *.” Being a later enactment applying to a particular subject,
 
 i. e.,
 
 emergency school bonds, the 30-day provision of Section 2293-15o applies and not the 60-day period of Section 2293-19. Therefore, the resolution of necessity was certified to the county auditor within the proper limitation of time.
 

 The respondent contends that the notice of election was incomplete in not stating “the estimated average additional tax rate, expressed in dollars and cents for each dollar of valuation.” The fifth paragraph of Section 2293-15a provides that the election on the question of issuing bonds shall be held under the provisions of Sections 2293-21, 2293-22 and 2293-23<z, General Code. Section 2293-21 requires the publication of a notice of election which shall state, among other things, the estimated average additional tax rate,
 
 expressed in dollars and cents for each one hundred dollars of valuation
 
 as well as in mills for each one dollar of valuation. The statutory requirement added by amendment (118 Ohio Laws, 21) is mandatory and, therefore, the notice of election in the present instance was defective in not expressing the additional tax rate in dollars and cents.
 

 
 *107
 
 The form of the ballot is questioned by respondent in several respects.
 

 The first paragraph of Section 2293-15a requires that the form of the ballot shall describe the emergency existing and the authority under which it is declared and state that the bond issue for emergency purposes is beyond the limitations heretofore prescribed by law. None of those mandatory requirements was fulfilled in the present bond proceeding and, therefore, the ballot was defective.
 

 Bespondent contends that the ballot did not permit electors “to express their wishes yes or no” as provided in Section 2293-15a. The ballot followed the form prescribed in Section 2293-23, General Code, for expressing electors’ wishes and, therefore, there was a substantial compliance with the emergency bond-issuing statute.
 

 It is contended by respondent that the purpose for which the bonds were to be issued was not printed on the ballot “in bold face type of at least twice the size” as that surrounding it. The failure to observe that requirement of Section 2293-23, General Code, constitutes another defect in the bond proceeding.
 

 Finally, the respondent urges that the consent of the Department of Taxation was not obtained, as required by Section 2293-15, General Code, when the net indebtedness exceeds four per cent of the total value of all property in a school district. The petition alleges the board of elections certified the result of the election to the tax department of Ohio. There are no allegations in the petition as to the net indebtedness of the school district. Therefore, this court cannot determine whether it was necessary to submit the bond resolution to the Department of Taxation prior to the election or whether the certification by the board of elections was for the information of that department.
 

 
 *108
 
 The demurrer to the petition is sustained and a writ of mandamus is denied.
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart and Turner, JJ., concur.