Per Curiam.

The issue presented is, what is the effect of the error in the notice of election and the incorrect ballots submitted to the absent voters?
Relator contends that the purpose of the statutory requirement as to publication of notice (Section 133.11, Revised Code) is to inform the electors that an election is to be held, and that there has been a substantial compliance therewith.
Section 133.09, Revised Code, requires that “the auditor shall calculate and certify to the taxing authority the average annual levy, expressed in dollars and cents for each one hundred dollars of valuation as well as in mills for each one dollar of valuation, through the life of the bonds.”
Section 133.11, Revised Code, providing for publication of notice of election, requires that such notice shall state “the estimated average additional tax rate, expressed in dollars and cents for each one hundred dollars of valuation as well as in mills for each one dollar of valuation outside the limitation imposed” by the Constitution.
The above-quoted statutory requirements, contained in the Uniform Bond Act, are mandatory, and a strict compliance therewith is necessary. State, ex rel. Board of Education of Stockdale Local School District, v. Wheeler, Clerk, 152 Ohio St., 101, 87 N. E. (2d), 247; Stale, ex rel. Curren, Dir., v. Rees, Dir., 125 Ohio St., 578, 183 N. E., 432; Board of Education of Ashville Village School District v. Briggs, Aud., 114 Ohio St., 415, 151 N. E., 327.
In the Wheeler case, supra, the notice of election stated that “the estimated average additional tax rate outside of the ten-mill limitation as certified by the county auditor is four mills.” This court held that the statutory requirement was mandatory, and that the notice of election “was defective in not expressing the additional tax rate in dollars and cents.” A fortiori, an erroneous statement of the additional tax rate in dollars and cents, as in the instant case, is more misleading to the voter than no statement at all.
*15 In the Briggs case, supra, the question was as to the form of ballot, rather than the notice of election. This court held that “a form of ballot which recites only the amount and purpose of the proposed issue and does not disclose the estimated tax levy outside of all existing limitations and the maximum period of years required to pay the principal and interest of such bonds, is not a substantial compliance with Section 5649-9c, General Code [now Section 133.13, Eevised Code],” since “it is far more important to the taxpayer to know what tax it is proposed to levy upon his property, and how long it must run. ’ ’
This court is of the opinion that in the instant case there has not been a substantial compliance with the statutory requirements, and a writ of mandamus should be and hereby is denied.

Writ denied.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.