SCHNOERR, A TAXPAYER, APPELLEE, *v.* MILLER, CLERK, ET AL., APPELLANTS.

(No. 38817—Decided April 28, 1965.)

122

Messrs. Douglas & Carlier, for appellee.
Mr. John R. Gehrig, for appellants.

MATTHIAS, J. It is appellants' contention that this present action does not lie. They argue that a specific remedy by statute, an election contest, is provided for the correction of errors, frauds and mistakes which may occur in an election. They urge that no such contest was instituted, and that appellee cannot raise a question as to the validity of the election by injunction. *State, ex rel. Shriver, County Engr.*, v. *Hayes*, 148 Ohio St. 681; *State, ex rel. Commissioners of Sinking Fund*, v. *Brown, Secy. of State*, 167 Ohio St. 71.

The question before the court however is not the validity of the election on this bond issue as such, but whether the proceedings up to and including the election were of such a nature

that valid bonds may be issued as a result thereof. In other words, was the bond procedure properly conducted so as to authorize the municipality to issue valid obligations? Necessarily the validity of the election is one of the issues which must be determined, since an election is one of the essential parts of the bond proceedings. *State, ex rel. City of Cincinnati, v. Flick, Aud.,* 153 Ohio St. 294.

As indicated by Taft, J., in his concurring opinion in *State, ex rel. Commissioners of Sinking Fund,* v. *Brown, supra* (167 Ohio St. 71), at 76, an election contest is not the exclusive remedy in cases involving the issuance of bonds, if the court finds a failure to do something that statutes mandatorily require as a condition precedent to the issuance of the bonds. See, *e. g., State, ex rel. Board of County Commissioners of Hamilton County,* v. *Guckenberger, Aud.,* 165 Ohio St. 12; *State, ex rel. Board of Education of Stockdale Local School Dist.,* v. *Wheeler, Clerk,* 152 Ohio St. 101; *State, ex rel. Curren, Dir. of Law,* v. *Rees, Dir. of Finance,* 125 Ohio St. 578; *State, ex rel. Jackson,* v. *Board of County Commissioners of Fayette County,* 122 Ohio St. 456; *Elyria Gas & Water Co.* v. *City of Elyria,* 57 Ohio St. 374.

We must, therefore, determine whether the designation of the purpose of a bond issue as ''For the Purpose of Paying for the Construction of a Public Building and Furnishing and Equipping the same'' constitutes a sufficient description of the purpose of the bond issue in the resolution placing the same on the ballot and the ballot itself to comply with the requirements of the Uniform Bond Act.

The Uniform Bond Act enumerates certain specific conditions which must be fulfilled in the issuance of bonds. One of such requirements is that the resolution to place such bond issue on the ballot, the publication of the notice of the election and the ballot submitted to the voters must set forth the purpose for which the bonds are to be issued. These statutory provisions are mandatory. *State, ex rel. Board of County Commissioners of Hamilton County,* v. *Guckenberger, supra*; *State, ex rel. City of Cincinnati,* v. *Flick, Aud., supra.* The form of ballot is mandatory. *Board of Edn. of Ashville Village School Dist.* v. *Briggs, Aud.,* 114 Ohio St. 415. The failure to set forth the

purpose constitutes a defect in the proceedings. *State, ex rel. Bd. of Edn. of Stockdale Local School Dist.*, v. *Wheeler, Clerk, supra.*

There is a cogent reason for a statutory requirement that the purpose of a bond issue be set forth. The ordinary corollary of a bond issue is an increase in taxes. Thus, the purpose of a bond issue must be set forth with such clarity that a voter on a reading thereof can determine whether he is so interested in having the proposed project accomplished that he is willing to subject himself to an increase in taxes. The description of the proposed improvement must be sufficiently clear to inform the voter specifically of the nature of the actual improvement contemplated, so that he can make such determination.

The designation of the purpose as the erection of a "public building" falls far short of informing the voter of the specific improvement contemplated as a result of the bond issue. It would be difficult to conceive of a more indefinite or less descriptive term than "public building." A public building could be a market house, jail, airport, municipal office building, police station, courthouse, hospital, school, sewage disposal plant, garbage incinerator plant, library, stadium, public auditorium, municipal theater, parking garage, etc. The words, "public building," tell the voter only that the taxing authority wishes to erect some kind of a structure. To comply with the statute, the voter must be informed as to what kind of a structure is to be erected.

It is urged that such failure did not confuse anyone inasmuch as everyone in the community was cognizant of the purpose of the issue. The fact that in isolated instances the voters are aware of the actual purpose does not relieve the taxing authority from complying with the statute. As pointed out, this requirement is mandatory, and failure to comply therewith invalidates the proceedings.

The requirement of the statute that the purpose be set forth has a sound and salutary basis. The underlying purpose of the statutory requirement is to inform the uninformed voter. Although it may be true that, in a small community where an issue has been hotly debated, the voters may be well aware of the purpose for which the proposed bonds are to be issued, irre-

spective of the designation thereof on the ballot. However, such is not the case in the larger community. The inhabitants of large metropolitan areas do not have the close personal interest in govermental affairs extant as to the inhabitants of the small community. In the larger community, in many instances, the only real knowledge a voter obtains on the issue for which he is voting comes when he enters the polling place and reads the description of the proposed issue set forth on the ballot.

The Uniform Bond Act requires that the purpose for which such bonds are to be used be specifically set forth in the resolution, the notice of election and the ballot, and the designation of a contemplated municipal improvement as ''a public building'' is not a sufficient description of the purpose of a bond issue to comply with the requirement of the act.

The requirement of the Uniform Bond Act that the purpose for which the issue is to be made be set forth is mandatory, and the failure to specifically set forth such purpose in the ballot invalidates the proceedings.

The bond proceedings in the instant case not having been in compliance with the mandatory requirements of the Uniform Bond Act, the municipality has no authority to issue the bonds.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CORRIGAN, O'NEILL, HERBERT and McLAUGHLIN, JJ., concur.

TAFT, C. J., and BROWN, J., concur in paragraph one of the syllabus but dissent from paragraph two thereof and from the judgment.

CORRIGAN, J., of the Eighth Appellate District, and McLAUGHLIN, J., of the Fifth Appellate District, sitting, respectively, for ZIMMERMAN and SCHNEIDER, JJ.