THE STATE, EX REL. JOHNSON, APPELLANT, *v.* INDUSTRIAL COMMISSION
OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Johnson, *v.* Indus. Comm. (1988),
40 Ohio St. 3d 339.]

(No. 88-193—Submitted December 13, 1988—Decided December 30, 1988.■)

Horenstein, Nicholson & Blumenthal and Bruce I. Nicholson, for appellant.

Anthony J. Celebrezze, Jr., attorney general, and James A. Barnes, for appellee Industrial Commission.

J. Anthony Sawyer, city attorney, Arthur W. Harmon, Jr., and Edward B. Neuman, for appellee city of Dayton.

Per Curiam. In determining whether to award permanent total disability compensation, the commission must consider every allowed condition. State, ex rel. Rouch, v. Eagle Tool & Machine Co. (1986), 26 Ohio St. 3d 197, 26 OBR 289, 498 N.E. 2d 464, validated commission consideration of medical reports which evaluated only one of several conditions, so long as the report acknowledged the existence of the others. State, ex rel. Burley, v. Coil Packing, Inc. (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936, went further by abandoning the combined-effects evidentiary standard, holding that a commission decision need only be supported by "some evidence." Because Dr. Colquitt's report addressed only appellant's physical capabilities, appellant challenges the sufficiency of Dr. Colquitt's report as "some evidence" supporting the commission's decision. This attack, however, actually goes to the larger question of whether the commission was even aware of a recognized psychiatric condition in denying permanent total disability compensation.

The commission's order of June 2, 1986 fails to include "depression" among the enumerated allowed conditions. It in no way acknowledges the existence of any psychiatric condition. Moreover, compensation was denied based on medical evidence addressing only a physical capacity for work.

Reading the order as a whole, we question whether the commission considered all the allowed conditions in refusing to award permanent total disability compensation.

We concur with appellant's contention that Dr. Colquitt's opinion that appellant is physically capable of work does not support a commensurate finding of psychiatric capability. However, appellant's contention that this court should find no evidence supporting the commission's decision is less persuasive. Instead, we remand the cause for additional consideration.

Where a commission order is unclear, State, ex rel. Mitchell, v. Robbins & Myers, Inc. (1983), 6 Ohio St. 3d 481, 6 OBR 531, 453 N.E. 2d 721, suggests the issuance of a writ of mandamus directing the commission to clarify its order. In the present instance, it is unclear whether the commission was aware of an allowed psychiatric condition. Additionally, in Stephenson, supra, we remanded a commission denial of permanent total disability compensation that failed to reflect consideration of relevant nonmedical factors such as age, education, etc. The present order does not indicate consideration of these factors and thus the commission's task is incomplete.

The appellate court also ordered the commission to clarify the reports upon which it based its decision. This command was apparently spurred by the commission's contention that the 1984 report of its specialist, Dr. Robert L. Turton, supported a finding that appellant was also psychiatrically capable of work. We find no need for such clarification. The commission's order identifies the evidence on which it relies and thus adequately complies with the requirements set forth in Mitchell, supra, and State, ex rel. Hutt, v. Frick-Gallagher Mfg. Co. (1984), 11 Ohio St. 3d 184, 11 OBR 497, 464 N.E.

2d 1005. Since there is no indication that Dr. Turton's report was considered, it is irrelevant.

Accordingly, we affirm the court of appeals to the following extent: that a limited writ of mandamus issue ordering the commission to clarify whether it considered appellant's psychiatric condition, to additionally consider, if it has not already done so, the nonmedical disability factors set forth in *Stephenson,* and to reflect consideration of those factors in its order.

*Judgment affirmed,*
*as modified.*

MOYER, C.J., LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY and DOUGLAS, JJ., concur in judgment only.