THE STATE, EX REL. CUPP, APPELLEE, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as State, ex rel. Cupp, *v.* Indus. Comm. (1991),
58 Ohio St. 3d 129.]

(No. 90-329—Submitted November 13, 1990—Decided March 27, 1991.)

"*  *  *

*Hochman & Roach Co., L.P.A.,* and *John W. Reed, Jr.,* for appellee.

*Lee I. Fisher,* attorney general, and *Michael L. Squillace,* for appellant Industrial Commission.

*Schottenstein, Zox & Dunn, Robert W. Weisman* and *William J. Barath,* for appellant ANR/Associated Truck Lines, Inc.

*Per Curiam.* The current controversy centers on the commission's evaluation of the nonmedical disability evidence, and whether such evaluation included consideration of the vocational report submitted by the appellee. This focus, however, obscures a more significant error — the commission's apparent failure to consider all the claim's allowed conditions.

The commission's order, the statement of facts and Dr. McCloud's report (on which the commission exclusively relied) all listed the allowed conditions as "left leg, low back, right leg." The numerous serious conditions

additionally allowed in 1982 are conspicuously absent from all documents. A similarly deficient order was remanded for clarification and additional consideration in *State, ex rel. Johnson,* v. *Indus. Comm.* (1988), 40 Ohio St. 3d 339, 533 N.E. 2d 720. Similar action is warranted here.

Accordingly, the judgment of the court of appeals is affirmed to the following extent: that a limited writ issue ordering the commission to clarify whether it considered the conditions additionally allowed in 1982, to additionally consider, if it has not already done so, the nonmedical disability factors set forth in *Stephenson, supra,* including the vocational report submitted by appellee, and to indicate with specificity, pursuant to *State, ex rel. Noll,* v. *Indus. Comm.* (1991), 57 Ohio St. 3d 203, 567 N.E. 2d 245, which of those factors were considered in its order, and to briefly explain its decision.

*Judgment affirmed*
*as modified.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.