[This opinion has been published in *Ohio Official Reports* at 66 Ohio St.3d 276.]

THE STATE EX REL. ZOLLNER, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Zollner v. Indus. Comm.*, 1993-Ohio-49.]

*Workers' compensation—Application for permanent disability compensation—Claimant alleges omission of "dysthymic disorder" from enumerated conditions in denial of application constitutes an abuse of discretion by commission—Commission's denial of application not an abuse of discretion, when.*

(No. 92-1753—Submitted March 16, 1993—Decided May 19, 1993.)

APPEAL from the Court of Appeals for Franklin County, No. 91AP-957.

————————

{¶ 1} Appellant-claimant, Eugene R. Zollner, injured his upper back in the course of and arising from his employment with appellee I.M.F.S., Inc. His claim was later amended to include the psychiatric condition "dysthymic disorder." In late 1986, he applied for permanent total disability compensation.

{¶ 2} The commission denied permanent total disability, prompting claimant's complaint in mandamus in the Court of Appeals for Franklin County. Upon review, the court determined that the order did not satisfy *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721, and returned the cause to the commission for further consideration and an amended order.

{¶ 3} The appellate court's decision resulted in a second permanent total disability hearing. At that time, claimant submitted the vocational report of Rod W. Durgin, Ph.D., which concluded that claimant was incapable of sustained remunerative employment.

{¶ 4} The commission again denied claimant's motion, generating claimant's second mandamus petition. This time, the appellate court found that the requirements of *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St. 3d 203, 567 N.E.2d 245, had not been met and again returned the cause to the commission.

{¶ 5} On June 25, 1991, the commission disallowed permanent total disability for the third time, writing:

"* * * [T]his claim has been recognized for: Cervical cord contusion with aggravation of a pre-existing cervical spinal stenosis and cervical spondylosis.

"* * * [T]he claimant is not permanently and totally disabled for the reason that the disability is not total; that is, the claimant is able to perform sustained remunerative employment; that therefore the Permanent Total Disability Application, filed 12/29/86 be denied.

"The reports of Doctors Giray, Zupnick, Pritscher, Steiman & Mann were reviewed and evaluated. This order is based particularly upon the reports of Doctor(s) Steiman & Pritscher, a consideration of the claimant's age, education, work history and other disability factors including physical, psychological and sociological, that are contained within the Statement of Facts prepared for the hearing on the instant Application, the evidence in the file and the evidence adduced at the hearing.

"The weight of the evidence reflects claimant is not PTD [permanently totally disabled]. The objective findings contained within the report[s] of Drs. Steiman and Pritscher indicate claimant can perform sedentary work activity. Claimant's education, (11th grade & GED) and varied work history (repairman, carpenter) reflects [*sic*] he retains transferable skills to engage in sedentary work. His advanced age (58) is an impediment, but not a complete barrier to engaging in work activity."

{¶ 6} Appellant sought another writ of mandamus from the appellate court, claiming that the commission abused its discretion by failing to (1) consider his

allowed psychiatric condition and (2) support its decision with "some evidence" as *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936, requires. The appellate court rejected both contentions and denied the writ.

{¶ 7} This cause is now before this court upon an appeal as of right.

————————————

*Dorf & Rife*, *Joan H. Rife* and *Michael D. Dorf*, for appellant.

*Lee I. Fisher*, Attorney General, and *Dennis L. Hufstader*, Assistant Attorney General, for appellee Industrial Commission.

————————————

**Per Curiam.**

{¶ 8} Claimant alleges that the commission did not consider either the allowed psychiatric condition or Dr. Durgin's report. Both claims fail.

{¶ 9} Claimant's first assertion is grounded in the omission of "dysthymic disorder" from the enumerated conditions in the permanent total disability order. Relying on *State ex rel. Johnson v. Indus. Comm.* (1988), 40 Ohio St. 3d 339, 533 N.E.2d 720, claimant contends that the omission constitutes an abuse of discretion. *Johnson*, *however*, is distinguishable. There, as here, the commission's order did not list an allowed psychiatric condition among the allowed conditions. However, in *Johnson*, the evidence upon which the commission relied to deny permanent total disability related solely to the claimant's physical condition. These two factors led us to question whether the commission indeed considered all allowed conditions. The order was accordingly returned for clarification.

{¶ 10} In this case, permanent total disability denial was premised "particularly" on the reports of Dr. Steiman and Dr. Pritscher, who evaluated claimant's physical and *psychiatric* conditions respectively. Thus, the commission clearly took claimant's psychiatric condition into account in denying permanent total disability.

**{¶ 11}** Claimant also argues that the commission erred in not reviewing Dr. Durgin's report. This assertion is also based on omission - - the order's lack of reference to Durgin's narrative among the evidence considered. Claimant, however, has forfeited his right to pursue this argument.

**{¶ 12}** A party who fails to raise an argument in the court below waives his or her right to raise it here. *State ex rel. Gibson v. Indus. Comm.* (1988), 39 Ohio St.3d 319, 530 N.E.2d 916. Before the appellate court, claimant argued that there was no evidence supporting the commission's decision. He did not argue in his brief that the commission did not consider Durgin's report or allege a resultant abuse of discretion. As review shows, the commission's second denial order also omitted reference to Durgin's report, despite the report's submission at that very hearing. As we stated in *State ex rel. B.O.C. Group, Gen. Motors Corp. v. Indus. Comm.* (1991), 58 Ohio St.3d 199, 200, 569 N.E.2d 496:

"*Res judicata* operates 'to preclude the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction.' * * * It applies 'not only to defenses which were considered and determined *but also to those defenses which could properly have been considered and determined*.' * * *" (Emphasis added; citations omitted.)

**{¶ 13}** Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

_____