OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.

Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. Rodriguez, Appellant, v. Industrial
Commission of Ohio, Appellee.
[Cite as State ex rel. Rodriguez v. Indus. Comm. (1993),
Ohio St.3d      .]
Workers' compensation -- Industrial Commission's continuing
     jurisdiction ceases once a mandamus action has been
     commenced -- Mandamus to compel commission to pay claimant
     permanent total disability compensation -- Limited writ
     ordering further consideration by commission and an
     amended order not warranted, when.
     (No. 92-2278 -- Submitted June 15, 1993 -- Decided August
25, 1993.)
     Appeal from the Court of Appeals for Franklin County, No.
92AP-469.
     Appellant-claimant, Jose A. Rodriguez, was injured in 1976
in the course of and arising from his employment with appellee,
Ruetinik Gardens/Richard Pritzer.  Claimant worked for ten more
years until quitting for reasons allegedly related to his
injury.
     In 1990, claimant sought permanent total disability
compensation from appellee, Industrial Commission of Ohio.
Among other evidence presented to the commission was the report
of the commission specialist, Dr. W.J. McCloud, which concluded
that claimant could do sedentary or light work.  In her report,
Dr. Naomi Waldbaum concurred.  The commission's rehabilitation
division, in October 1990, listed numerous jobs that were felt
to be within claimant's capabilities, given his physical
condition and work history.  Four months later, however, the
division closed claimant's rehabilitation file:
     "[B]ased on Mr. Rodriguez's lack of education, age (51),
lack of transferrable skills to sedentary type position, and
lack of recommendations directed at vocational services with a
goal of returning to work. * * *"
     On January 7, 1992, the commission mailed an order which
denied claimant permanent total disability compensation,
stating:
     "* * * [T]hat the claimant is not permanently and totally
disabled * * * [because] claimant is able to perform sustained

remunerative employment * * *.

"The reports of Doctors Friedman, Fink, McCloud, and Waldbaum were reviewed and evaluated. This order is based particularly upon the reports [sic] of Doctors [sic] McCloud.

"Claimant is 52 years old with an 8th grade education from Puerto Rico and a 27 year work history as a greenhouse general laborer. A 6/11/90 orthopedic Commission speciallst [sic] exam by Dr. McCloud found a 40% PPI [permanent partial impairment] and [found that claimant is] capable of sustained remunerative employment. Treatment has been conservative. Claimant continued to work for nearly 10 years subsequent to the date of his injury. With consideration given to all these factors, claimant is found not to be PTD."

Claimant filed a complaint in the Court of Appeals for Franklin County, on April 8, 1992, for a writ of mandamus to compel the commission to pay him permanent total disability compensation. Among the abuses of discretion alleged were the commission's failure to (1) consider all vocational evidence before it, pursuant to State ex rel. Cupp v. Indus. Comm. (1991), 58 Ohio St.3d 129, 568 N.E.2d 1214; and (2) adequately explain its reasoning as required by State ex rel. Noll v. Indus. Comm. (1990), 57 Ohio St.3d 203, 567 N.E.2d 245. The appellate court agreed and issued a limited writ returning the cause to the commission for further consideration and an amended order.

Claimant appealed to this court as a matter of right. The commission thereafter, on January 25, 1993, mailed a second order in which it attempted to comply with the appellate court's judgment. The commission, again denying permanent total disability compensation, stated in its order:

"* * * [T]he claimant is not permanently and totally disabled * * * [because] the claimant is able to perform sustained remunerative employment * * *.

"The medical reports of doctors Friedman, McCloud, Waldbaum, Vocational Expert Fink, as well as the reports of the Rehabilitation Division * * * were reviewed and evaluated. The findings and order are particularly based on the medical reports of Doctors McCloud and Waldbaum, the evidence on file and the evidence adduced at the hearing, as well as portions of the vocational reports of Mr. Fink and the Rehabilitation Division.

"The claimant is 53 years old and has been employed as a laborer in the greenhouse industry for 27 years. Dr. McCloud finds that as a result of the injury, that claimant has a 40 percent impairment and that his only physical restriction is repetitive bending and lifting over 20 pounds. Dr. McCloud also recommended rehabilitation. The claimant also was examined by Dr. Waldbaum, who also concluded that claimant has some rehabilitation potential for an essentially sedentary, light, intermittent type occupation. The Commission accepts the findings of doctors McCloud and Waldbaum, which contradict the findings of Mr. Fink who finds that claimant would be unable to perform light or sedentary work.

"The Rehabilitation Division found that claimant has a semi-skilled work history and is able to drive an automobile. Testing by the Rehabilitation Division reveals that claimant demonstrates average motor coordination, finger dexterity and

manual dexterity. Based on the claimant's work history, the Rehabilitation Division identified several alternative occupations for which the claimant could possibly be retrained including elemental mechanical and industrial work, attendance services, the craft industry, production work and quality control. The Commission accepts those findings of the Rehabilitation Division but does not accept the final conclusion of the Rehabilitation Division that the claimant lacks transferrable skills to a sedentary position.

"The Rehabilitation Division also recommended adult remedial education as part of the claimant's vocational rehabilitation. Despite the claimant's limited education and the fact that English is his second language, he was capable of maintaining employment with the same employer for many years. Therefore, the Commission does not consider those factors as interfering with claimant's ability to perform sustained remunerative employment."

Claimant, in his reply brief before this court, attacks the second order of the commission on similar grounds as the first, and also assails the commission's continuing jurisdiction to issue the second order after the commencement of a judicial challenge.

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy and Marc J. Jaffy; Frank L. Gallucci Jr., Co., L.P.A., and Frank Gallucci, for appellant.

Lee I. Fisher, Attorney General, and Merl H. Wayman, Assistant Attorney General, for appellee.

Per Curiam. Claimant challenged the first order denying permanent total disability compensation by an action in mandamus. Dissatisfied with the remedial action that the appellate court ordered, claimant appealed to this court. The commission, meanwhile, prepared a second order incorporating the appellate court's instructions. Claimant contests the commission's authority to issue the later order. We agree with claimant's assertions, but decline to order the relief claimant seeks.

R.C. 4123.52 provides in part:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified."

Continuing jurisdiction has substantive and time restrictions. Substantively, continuing jurisdiction may be invoked where an order contains a mistake of law of such character that remedial action would clearly follow. State ex rel. B&C Machine Co. v. Indus. Comm. (1992), 65 Ohio St.3d 538, 605 N.E.2d 372. This prerequisite has been met here. The initial commission order suggests that potentially relevant vocational evidence had not been considered, contrary to Cupp, supra. We also find that the order did not satisfy the standard set by Noll, supra. These are errors that would certainly generate remedial action by this court in the form of further consideration and an amended order.

Continuing jurisdiction, however, must also be timely exercised. State ex rel. Gatlin v. Yellow Freight Systems,

Inc. (1985), 18 Ohio St.3d 246, 18 OBR 302, 480 N.E.2d 487. The commission retains jurisdiction over nonappealable orders, such as this, "for a reasonable period of time." Id. at syllabus. Claimant maintains that "a reasonable period of time" cannot extend beyond the filing of a mandamus complaint. We agree.

We routinely have held that the filing of an appeal terminates an administrative agency's continuing jurisdiction. See, e.g., State ex rel. Borsuk v. Cleveland (1972), 28 Ohio St.2d 224, 57 O.O.2d 464, 277 N.E.2d 419; State ex rel. Prayner v. Indus. Comm. (1965), 2 Ohio St.2d 120, 31 O.O.2d 192, 206 N.E.2d 911; Diltz v. Crouch (1962), 173 Ohio St. 367, 19 O.O.2d 312, 182 N.E.2d 315. We find no compelling reason to allow the commencement of a mandamus action to have a different effect. Commission recognition and correction of, as here, clear mistakes of law is to be encouraged when it occurs before judicial proceedings have begun. Beyond that point, we fear that, more often than not, commission action will frustrate, not further, expeditious and fair resolution of disputes, as well as judicial economy.

Contrary to the commission's suggestion, our decision in B&C Machine Co., supra, does not dictate a different result. While B&C Machine Co. added a new substantive element to continuing jurisdiction, it did not extend the time during which continuing jurisdiction may properly be exercised. B&C Machine Co. was factually unique, addressing a "null" appeal. The timely exercise of continuing jurisdiction in the case of properly appealable orders or those amenable to mandamus was not at issue.

Having determined that the commission's continuing jurisdiction ceases once a mandamus action has been commenced, we are confronted, in this case, with an unusual circumstance. Aware of the nullifying effect the finding of no jurisdiction has on a commission order, we also recognize that the second commission order herein incorporates the very corrections we would have ordered, had the first order been the only one before us. To disregard the second order by returning the cause to the commission to reissue, under the guise of Cupp and Noll compliance, a substantively identical, yet post-dated, order, is an unnecessarily duplicative act under these facts.

Therefore, consistent with our longstanding refusal to issue a writ of mandamus to compel a vain act (State ex rel. Snider v. Stapleton [1992], 65 Ohio St.3d 40, 600 N.E.2d 240; State ex rel. Petroff v. Indus. Comm. [1933], 127 Ohio St. 65, 186 N.E. 721), we decline to return the cause to the commission for further consideration and an amended order, and instead proceed to examine the second order on its merits. Upon review, we find that this order is supported by "some evidence." See State ex rel. Burley v. Coil Packing, Inc. (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. The commission in its second order also adequately explains its reasoning, consistent with Noll. Finally, we find that the commission remedied an earlier evidentiary deficiency by considering previously overlooked vocational evidence.

Accordingly, a limited writ ordering further consideration and an amended order is no longer warranted. The judgment of the court of appeals is, therefore, reversed.

                                    Judgment reversed.

        Moyer, C.J., Wright, F.E. Sweeney and Pfeifer, JJ., concur.
        A.W. Sweeney, Douglas and Resnick, JJ., dissent.

        Douglas, J., dissenting.      I respectfully dissent.  I
would grant the writ and order compensation for permanent total
disability ("PTD").  The medical impairment finding and
consequent disability are substantial and clear.  The
"Stephenson factors" (State ex rel. Stephenson v. Indus. Comm.
[1987], 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946) are both
obvious and significant.  The commission's rehabilitation
division closed appellant's rehabilitation file "based on Mr.
Rodriguez's lack of education, age (51), lack of transferrable
skills to sedentary type position, and lack of recommendations
directed at vocational services with a goal of returning to
work."  What more is necessary for there to be a PTD
determination?  The time has come for this court, in these
cases, not to ignore the obvious.
        A.W. Sweeney and Resnick, JJ., concur in the foregoing
dissenting opinion.