**[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 358.]**

THE STATE EX REL. RICHARDSON, APPELLEE, *v*. QUARTO MINING COMPANY, APPELLANT.

[Cite as *State ex rel. Richardson v. Quarto Mining Co*., 1995-Ohio-128.]

*Workers' compensation—Application for temporary total disability compensation—Industrial Commission abuses its discretion when denying compensation without considering all allowed conditions.*

(No. 94-397—Submitted June 21, 1995—Decided August 23, 1995.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD03-369.

_____

{¶ 1} Appellee-claimant, Jason Richardson, on December 30, 1981, sustained a "lumbosacral strain" while in the course of and arising from his employment with appellant, Quarto Mining Company. His workers' compensation claim was allowed. In 1991, claimant moved the Industrial Commission of Ohio to (1) additionally allow his claim for "central disc herniation at L4-5 and L5-S1" and (2) pay temporary total disability compensation from August 9, 1990 to September 9, 1991. Dr. David C. Ashcraft's report accompanied the motion and certified temporary total disability due to the disc condition over the stated period.

{¶ 2} Dr. M. A. Shahabi examined claimant on the commission's behalf. He concluded:

"Mr. Richardson, in my opinion, has reached maximum medical improvement and should be granted in the vicinity of approximately five percent (5%) permanent partial impairment to the body as a whole for allowed condition recognized for lumbosacral strain based solely on his subjective complaint."

{¶ 3} A district hearing officer allowed the disc condition but denied temporary total disability compensation "based on Dr. Shagabi's [*sic*] report." The order was administratively affirmed.

**{¶ 4}** Claimant filed a complaint in Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying temporary total disability compensation. The appellate court agreed, writing:

"We find that the commission having extended the claim to include herniated discs at L4-L5 and L5-S1 abused its discretion in refusing to grant temporary total disability compensation based upon the report of Dr. Shahabi. Dr. Shahabi's report clearly indicates that no disc problems existed, so the report could not be the basis for finding that Richardson had reached maximum medical improvement as to the herniated discs in his back. Dr. Shahabi's report is no evidence as to the improvement of the ruptured discs which were shown to exist by an MRI done subsequent to his examination.

"Since no other evidence in the file indicates that the ruptured discs had reached maximum medical improvement, the file lacked 'some evidence' to support a denial of temporary total disability compensation."

**{¶ 5}** This cause is now before this court upon an appeal as of right.

————————————

*Lancione Law Offices* and *David Lancione*, for appellee.

*Hanlon, Duff, Paleudis & Estadt Co., L.P.A.*, and *John G. Paleudis*, for appellant.

————————————

***Per Curiam.***

**{¶ 6}** One question is presented: Is Dr. Shahabi's report "some evidence" supporting the commission's temporary total disability compensation denial? For the reasons to follow, we find that it is not and affirm the judgment of the court of appeals.

**{¶ 7}** *State ex rel. Johnson v. Indus. Comm.* (1988), 40 Ohio St.3d 339, 340, 533 N.E.2d720, 721, held that the commission "[i]n determining whether to award

permanent total disability,* * * must consider *every* allowed condition." (Emphasis added.) That temporary total disability is at issue does not compel a different result.

**{¶ 8}** Dr. Shahabi's disability conclusions were based on the "allowed condition recognized for lumbosacral strain."  This claim, however, is also allowed for "central disc herniation at L4-5 and L5-S1."  Reliance on Shahabi's report demonstrates that the commission did not consider claimant's more severe disc condition before denying temporary total disability compensation.  Accordingly, the commission abused its discretion in denying compensation without considering all allowed conditions.

**{¶ 9}** The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————