Relator, Richard E. Harris, commenced this original action requesting a writ of mandamus which orders respondent, Industrial Commission of Ohio ("commission") to vacate its order denying him permanent total disability compensation, and to enter an order granting said compensation.
Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision including findings of fact and conclusions of law. In his decision, the magistrate concluded that "[b]ecause the commission failed to adjudicate Ford's objection to relator's C-86 motion for additional claim allowances prior to its final adjudication of relator's [permanent total disability] application, it is the magistrate's decision that this court issue a writ of mandamus."
Respondent, Ford Motor Company ("Ford"), objects to the magistrate's decision and raises three objections:
OBJECTION NO. 1:
 THE MAGISTRATE BASED HIS DECISION ON OHIO ADMINISTRATIVE CODE 4121-3-34(C)(3)(C), EFFECTIVE JUNE 1, 1995, WHICH WAS ERRONEOUS INSOFAR AS THE PARTIES HAVE STIPULATED TO PROCEED ON THE PRIOR 1990 PTD APPLICATION, WHICH RENDERED THE 1995 RULES REGARDING PTD INAPPLICABLE.
OBJECTION NO. 2:
 RELATOR WAIVED HIS RIGHT TO HAVE THE REQUESTED FURTHER ALLOWANCES OF, "CERVICAL STRAIN/SPRAIN AND POST-TRAUMATIC HEADACHES" LITIGATED BEFORE THE INDUSTRIAL COMMISSION BY HIS FAILURE TO TIMELY OBJECT OR REQUEST CONSIDERATION OF THOSE CONDITIONS PRIOR TO OR AT THE TIME OF THE HEARING BEFORE THE INDUSTRIAL COMMISSION ON HIS PTD APPLICATIONS.
OBJECTION NO. 3:
 THE SHO FOUND THAT EVEN ASSUMING ARGUENDO THE REQUESTED CONDITIONS OF, "POST-TRAUMATIC HEADACHES AND CERVICAL STRAIN/SPRAIN" WERE ALLOWED, THERE WAS NO PROOF THAT THESE CONDITIONS CAUSED OR CONTRIBUTED TO THE CLAIMANT'S INABILITY TO WORK. THE MAGISTRATE'S DECISION VACATING THE ORDER AND REFERRING THE MATTER BACK TO THE COMMISSION FOR CONSIDERA-TION ON THE ALLOWANCE OF THOSE CONDITIONS IS A VAIN ACT.
We will address Ford's objections in the order presented. In its first objection, Ford argues that application of Ohio Adm. Code 4121-3-34(C)(3)(c) is erroneous because its effective date was on June 1, 1995, and parties herein had previously stipulated to proceed on relator's 1990 permanent total disability application, thereby rendering this section of the Ohio Administrative Code inapplicable.
Ohio Adm. Code 4121-3-34(C)(3)(c) provides as follows:
 * * * If a motion requesting recognition of additional conditions or other motion is filed on or prior to the date of filing for permanent total disability compensation, such motion(s) shall be processed prior to the processing of the application for permanent total disability compensation. * * *
A review of the record indicates that indeed relator filed an application for permanent total disability compensation on May 24, 1996, and on October 30, 1990. The later application was never processed because relator continued to receive temporary total disability compensation.
Relator responded to Ford's objection by arguing that the 1995 enactment of Ohio Adm. Code 4121-3-34(C)(3)(c) is nothing more than a codification of the previous well-settled case law that states that, in determining whether to award permanent total disability compensation, the commission must consider every allowed condition. Relator cites several cases in support. Stateex rel. Johnson v. Indus. Comm. (1988), 40 Ohio St.3d 339; Stateex rel. Jarrett v. Indus. Comm. (1994), 69 Ohio St.3d 127; Stateex rel. Cupp v. Indus. Comm. (1991), 58 Ohio St.3d 129; State exrel. Pass v. C.S.T. Extraction Co. (1996), 74 Ohio St.3d 373.
Additionally, relator asserts that, contrary to Ford's claim, he never relinquished nor waived his right to have his May 24, 1996 permanent total disability application adjudicated.
Notwithstanding whether relator's 1996 application was relinquished or waived, we find that Ohio Adm. Code4121-3-34(C)(3)(c), effective June 1, 1995, which requires adjudication of an additional condition filed prior to the filing of a permanent total disability application, is indeed the codification of prior case law and, therefore, the magistrate was correct in concluding that the commission should have adjudicated Ford's objection to the commission's January 13, 1993 order. Accordingly, we overrule Ford's first objection.
In Ford's second objection, it argues that relator waived his 1992 request for further allowances because the commission had not ruled upon them prior to the 1997 permanent total disability application hearing. We overrule this objection. Relator properly filed his C-86 form regarding further allowances. He cannot be held responsible nor should he be punished because the commission neglected to timely rule on his application. Accordingly, Ford's second objection is overruled.
In Ford's final objection, it contends that, because the staff hearing officer found no proof that the non-allowed claims for post-traumatic headache and blackouts, or seizures caused or contributed to his inability to work, referring this matter back to the commission for consideration on these claims would be a vain act.
We are reluctant to deny a claimant or an employer the right to have a claim properly adjudicated. Ford's objection appears to suggest that the commission can informally deny a claim by dictum contained in a staff hearing officer's order pertaining to a different claim. We decline Ford's invitation to create such an exception. Nonetheless, the staff hearing officer's conclusions on the non-allowed claim would not have passed the requirements of State ex rel. Noll v. Indus. Comm. (1991),57 Ohio St.3d 203, and, therefore, would have been remanded to the commission in any event. Accordingly, Ford's third objection is overruled.
Following an independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, we issue a writ of mandamus ordering respondent, Industrial Commission of Ohio, to vacate its June 9, 1997 staff hearing officer's order denying relator's permanent total disability application, to conduct further proceedings on Ford's objection to the C-86 motion for additional claim allowances, and to enter a new order either granting or denying the permanent total disability application.
Objections overruled;Writ of mandamus granted.
BRYANT and BOWMAN, JJ., concur.