OPINION
{¶ 1} The defendant-appellant, Shawn E. Hoersten ("Hoersten"), appeals the judgment of the Van Wert County Common Pleas Court overruling her motion to modify sentence.
 {¶ 2} On June 6, 1997, the Van Wert County Grand Jury indicted Hoersten for aggravated vehicular homicide, a violation of former R.C. 2903.06(A), a third degree felony, with the specification that Hoersten was driving under the influence of alcohol at the time of the offense. On September 24, 1997, Hoersten withdrew her previously tendered plea of not guilty and pled guilty to the indictment, and on September 25, 1997, the trial court filed its judgment entry. On October 30, 1997, the trial court ordered Hoersten to serve two years in prison and "permanently revoked" her driver's license. On December 7, 1998, the trial court granted Hoersten's motion for judicial release and ordered her to serve five years on community control sanctions. On September 15, 2000, Hoersten was convicted for violating the terms of her community control sanctions by "false informing" and driving without a valid driver's license. The trial court sentenced Hoersten to five years on community control sanctions.
 {¶ 3} Hoersten filed a motion to modify sentence on March 5, 2001, which the trial court overruled due to the community control violation. On December 17, 2001, Hoersten apparently completed her community control and was released therefrom. Hoersten filed a second motion to modify sentence on February 6, 2003, which was substantially similar to, if not exactly the same as, her prior motion. In April 2003, the trial court overruled the motion. On August 24, 2005, Hoersten filed a third motion to modify sentence, which was substantially similar to, if not exactly the same as, her prior two motions. The State of Ohio ("State") filed a motion in opposition on September 9, 2005. The trial court conducted an evidentiary hearing on September 15, 2005 and overruled the motion on December 14, 2005. Hoersten appeals the trial court's judgment and asserts the following assignments of error:
The trial court erred in finding that it lacked jurisdictionto modify the sentence imposed.
 The trial court erred in suspension [sic] of the driver'slicense of Appellant.
 {¶ 4} We elect to address the assignments of error out of order. In the second assignment of error, Hoersten contends the trial court erred in permanently revoking her driver's license under former R.C. 4507.16(D)(1). Hoersten contends the trial court failed to make the statutory findings required to permanently revoke her driver's license. In response, the State contends the trial court was not required to make findings because Hoersten admitted the facts by pleading guilty to the indictment, including the specification that she was under the influence of alcohol at the time of the offense. The State further contends that Hoersten's argument is barred by the doctrine of res judicata.
 {¶ 5} The doctrine of res judicata applies to this case.
"Under the doctrine of res judicata, a final judgment ofconviction bars a convicted defendant who was represented bycounsel from raising and litigating in any proceeding except anappeal from that judgment, any defense or any claimed lack of dueprocess that was raised or could have been raised by thedefendant at trial, which resulted in that judgment ofconviction, or on an appeal from that judgment."
 State v. Reynolds, 79 Ohio St.3d 158, 161, 1997-Ohio-304,679 N.E.2d 1131 (quoting State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, at syllabus) (emphasis in original). Hoersten was represented by counsel at the time of sentencing, and Hoersten could have raised her current argument on direct appeal. However, she failed to appeal her conviction and sentence. Hoersten cannot have a second bite at the apple almost nine years after sentencing.
 {¶ 6} In the first assignment of error, Hoersten admits that a permanent revocation could not be modified absent some statutory authority. However, Hoersten contends the trial court had jurisdiction to hear her motion because the judicial release statute authorizes trial courts to modify executed sentences. In response, the State argues that a trial court must have specific statutory authority to modify or terminate a driver's license suspension, and the judicial release statute cannot be expanded to cover license suspensions pursuant to former chapter 4507 of the Revised Code.
 {¶ 7} Our review of the record indicates that Hoersten failed to raise any issue related to the judicial release statute, R.C.2929.20, in the trial court. A party waives appellate review of any issue that could have been, but was not, presented to the lower court. Holt v. Martino, 3rd Dist. No. 14-97-43,1998 WL 126247, at * 3 (internal citations omitted). See also 4 Ohio Jurisprudence 3d (2005), Appellate Review, Section 125 (citingState ex rel. Zollner v. Indus. Comm., 66 Ohio St.3d 276,1993-Ohio-49, 611 N.E.2d 830) ("A party's failure to raise an issue at the trial court level acts as a waiver of the issue on appeal."). In her motion to the trial court and at hearing, Hoersten argued only that R.C. 4507.16 provides the authority for a trial court to modify a license revocation. Additionally, Hoersten filed two prior motions after she was released from community control sanctions, and she has never raised the argument she now advances on appeal. Therefore, Hoersten has waived the argument that R.C. 2929.20 authorizes the trial court to modify or suspend a driver's license revocation under former R.C. 4507.16(D)(1). The first assignment of error is overruled.
 {¶ 8} The judgment of the Van Wert County Common Pleas Court is affirmed.
Judgment Affirmed.
 Rogers and Cupp, J.J., concur.