*579
 
 By the Court
 

 (Kinkade, J.).
 

 This is an action in mandamus begun in the Court of Appeals of the Eighth Appellate District. That court refused to issue the writ of mandamus prayed for and dismissed the petition at the costs of the relator, and in doing so made a very clear, brief and comprehensive statement of the issues presented, stating the reasons that moved the court to deny the writ and to dismiss the petition. The statement of the Court of Appeals in its journal entry cannot be improved upon. The journal entry is as follows:
 

 “This original action in mandamus came on to be heard on the pleadings, evidence, arguments of counsel and their briefs and upon consideration thereof the court finds that this action in mandamus was brought to require Henry A. Rees, director of finance of the city of Lakewood, Ohio, to sign and seal with the corporate seal of the city certain serial bonds of a maximum maturity of twenty-two years, in the sum of one hundred twenty five thousand dollars ($125,000), being the first installment of an issue for one million dollars ($1,000,000) for hospital purposes as authorized by the vote of the electors of said city of Lakewood at the election November 5,1929.
 

 “That in the proceedings to authorize the issuance of the bonds, various resolutions, ordinances, certificates and ballots of election were a part of the proceedings and there appears to be only one matter in the entire proceedings to which objection is raised. This relates to the maturity of the bonds.
 

 “The court finds that the respondent who is the fiscal officer of the city of Lakewood refused to sign the bonds and affix the corporate seal thereto because of the discrepancy in the maturity dates as set forth in the proceedings.
 

 “Resolution No. 2566 provides for twenty-two years (22); ordinance No. 3020 provides for twenty-five years (25); certificate to the Deputy State Supervisors
 
 *580
 
 and Inspectors of Elections filed by the clerk twenty-five years (25); notice of election twenty-two years (22); ballot submitted to the electors twenty-five years
 
 (25);
 
 and certificate of the director of finance as to the life of the improvement and weighted average twenty-two years (22). The rate of the annual tax in all of said proceedings is stated in every instance as .5172 mills.
 

 “Said proceeding for the issuance of these bonds was in pursuance of the Uniform Bond Act of Ohio as set forth in G-eneral Code Sections 2293-1 to 2293-37, inclusive, and the court holds that the provisions of the Uniform Bond Act must be strictly and not liberally construed and that the maximum time for these bonds to run cannot be lessened or increased, and the court holds that a substantial compliance with the provisions of the so-called Uniform Bond Act is not sufficient and that such discrepancy as exists in the instant case is material and impairs the validity of the proceedings in connection with the bond issue. Therefore, the relator is not entitled to the relief prayed for in the petition.”
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Jones, Matthias, Dat, Alien and Stephenson, JJ., concur.