Weygandt, C. J.
 

 Tbe only issue in this case is tbe question of law as to whether, in its resolution of necessity under tbe provisions of Amended Senate Bill No. 64, a city council is required to fix tbe approximate maturities of deficiency bonds it proposes to issue.
 

 Tbe difficulty centers about tbe first sentence of Section 5 of tbe above-mentioned act. This reads as follows:
 

 “Section 5. For tbe purpose of issuing bonds of a subdivision, payable from taxes outside of existing limitations in tbe constitution and laws of tbe state of Ohio in tbe amount so determined and authorized by tbe commission, tbe taxing authority of sucb subdivision may submit tbe question of the issuance of sucb bonds at a special election to be called for that purpose and shall adopt a resolution declaring tbe necessity for sucb bond issue, setting tbe date for sucb special election, and setting forth tbe additional facts as provided in section 2293-19 of tbe General Code of Ohio, which resolution shall be certified to tbe county auditor at least thirty (30) days prior to tbe election at which it is desired to submit sucb question. ’ ’
 

 Tbe respondents contend that tbe words “setting forth tbe additional facts as provided in section 2293-19 of tbe General Code of Ohio” require tbe approximate maturities to be included among “tbe additional
 
 *241
 
 facts” set forth in the resolution of necessity. This view is based upon the following language in Section 2293-19, General Code:
 

 “The taxing authority of any subdivision may submit to the electors of such subdivision the question of issuing any bonds which such subdivision has power to issue. When it desires or is required by law to submit any bond issue to the electors, it shall pass a resolution, declaring the necessity of such bond issue and fixing the amount, purpose and approximate date, interest rate and maturity, and also the necessity of the levy of a tax outside of the limitation imposed by article twelve, section two of the constitution to pay the interest on and to retire the said bonds.”
 

 A study of these statutes discloses at least two complete answers to the respondents’ contention.
 

 In the first place there are irreconcilable differences between the provisions of Amended Senate Bill No. 64 and those of the Uniform Bond Act of which Section 2293-19, General Code, is a part. The latter definitely requires the taxing authority to “pass a reso-' lution, declaring the necessity of such bond issue and fixing the amount, purpose and approximate date, interest rate and maturity”. On the other hand, Section 3 of the former specifically provides that the maturities shall be fixed by the Tax Commission, as was admittedly done in this case on October 11,1934. Furthermore, this same section of Amended Senate Bill No. 64 contains the additional and inescapable provision that the order of the Tax Commission shall be “final and conclusive as to all matters set forth therein as required by this act.” Then, too, this section contains the significant language that the maturities of the bonds “need not comply with the provisions of the uniform bond act of Ohio.” In view of the definite requirement that the Tax Commission shall make a final and conclusive order determining the maturi
 
 *242
 
 ties of proposed deficiency bonds, it can hardly be successfully contended that by mere inference the Legislature should be held to have expressed an intention to require a city council to futilely attempt the exercise of authority that is lodged elsewhere.
 

 The second answer to the contention of the respondents is that Amended Senate Bill No. 64 is a separate and independent legislative enactment. According to its own terms it was passed in the year 1934, for the specific and limited purpose of meeting a temporary emergency encountered by many municipal corporations in supplying deficiencies in operating revenues for that one year alone. On the other hand the Uniform Bond Act was passed in 1927, for the evident purpose of providing general and permanent legislation with reference to the ordinary issuance of bonds by taxing authorities. Consequently the two acts cannot be considered as
 
 in pari materia.
 
 It requires no citation of authority to the effect that any repugnancy between the two enactments must here be resolved in favor of the later, specific and temporary statute.
 

 The respondents are troubled by the pronouncement of this court in the case of
 
 State, ex rel. Curren, Dir. of Law,
 
 v.
 
 Rees, Dir. of Finance,
 
 125 Ohio St., 578. An analysis of the brief
 
 per curiam
 
 in that case discloses the distinguishing fact that the decision relates to the Uniform Bond Act alone. The court held simply that the provisions of that general act should be construed with sufficient strictness to prevent the issuance thereunder of bonds whose maturities had been left in doubt by reason of a discrepancy in the various steps taken during the proceedings. In three instances the time fixed was twenty-five years, and in three others it was twenty-two years. Thus no helpful precedent is furnished for the instant case.
 

 Consistent with the foregoing views, the demurrer
 
 *243
 
 to the answer is sustained, and the peremptory writ is allowed in conformity with the prayer.
 

 Writ allowed.
 

 Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.