By the Court.
 

 The sole question before the court is whether bonds may he issued with a maximum maturity period of less than 25 years, where the prior' steps in the bond-issuing proceedings specify
 
 &
 
 maximum maturity period of 25 years.
 

 Counsel for respondent rely on the
 
 per curiam
 
 opinion in
 
 State, ex rel. Curren, Dir.,
 
 v.
 
 Rees, Dir.,
 
 125 Ohio St., 578, 183 N. E., 432. In that case the maximum maturity period was stated in three instances as 22 years and in three other instances as 25 years. The notice of election gave the maximum maturity period as 22 years and on the ballots such period was given as 25 years. The journal entry of the Court of Ap
 
 *562
 
 peals, ajoptej in the
 
 per curiam
 
 opinion, held that the provisions of the Uniform Bond Act must be strictly and not liberally construed, that the maximum time for bonds to run cannot be lessened or increased, that a substantial compliance with the provisions of the so-called Uniform Bond Act is not sufficient and that the discrepancy existing in that case was material and impaired the validity of the proceedings in connection with the bond issue.
 

 That case was distinguished on the facts and for the reasons stated in the two later cases of
 
 State, ex rel. City of Delaware,
 
 v.
 
 Main, Mayor,
 
 129 Ohio St., 239, 194 N. E., 454, and
 
 State, ex rel. Board of Education of Springfield Local School District, Summit County,
 
 v.
 
 Maxwell,
 
 144 Ohio St., 565, 60 N. E. (2d), 183.
 

 In neither of those two later cases did this court hold that the variance, irregularity or discrepancy in maturity dates impaired the' validity of the bond-issue proceedings.
 

 Section 2293-9, General Code, explicitly provides that “the maturities of bonds, notes or other evidences of indebtedness * * *
 
 shall not extend beyond”
 
 the limitations specified in the classifications named in that section, but does not .require that all such obligations must run the full period of time.,
 

 Section 2293-21, General Code, requires that a notice ‘of election shall state, among other facts, “the
 
 maximum
 
 number of years during which such bonds shall run,” and Section 2293-23, General Code, prescribes the form of ballot setting forth the average millage “for a
 
 maximum
 
 period” of years to pay principal and interest of the bonds. Those requirements are for the purpose of informing the electors of the greatest length of time they may be compelled to pay principal and interest.
 

 Section 2293-26, General Code, relating to the reso
 
 *563
 
 lution to issue bonds, although providing that the amount of bonds shall not be greater than that authorized and their purpose shall be in accordance with the prior resolution or ordinance, expressly provides that “the date, rate of interest and maturity * * * need not be the same as those fixed in the prior resolution or ordinance.”
 

 From the foregoing summary of applicable statutes, it is apparent that in the case before us, since the maximum maturity period was , stated at 25 years in the notice of an election and the ballot, the board of county commissioners could have thereafter fixed the maturity period either at 20 or 25 years, and, therefore, the question of discrepancy in or invalidity of the bond proceedings, raised by the demurrer to .the allegations of the petition, is resolved in favor of the relators.
 

 The demurrer to the petition is overruled and a writ of mandamus is ordered.
 

 Writ allowed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.