THE STATE, EX REL. SPITLER, CITY SOLICITOR, *v.* BEIDLEMAN, AUDITOR.

(No. 332—Decided June 17, 1953.)

*Mr. Downs C. Spitler* and *Messrs. Squire, Sanders & Dempsey,* for relator.

*Mr. Paul R. Ebel,* for respondent.

MIDDLETON, J.   This is an action in mandamus begun in this court and is submitted to the court upon the petition and a demurrer filed thereto.

The facts are not in dispute, and, in brief, are as follows:

The council of the city of Tiffin passed a resolution which provided for the submission to the electors of the city of Tiffin the question of issuing bonds for the purpose of constructing, enlarging and improving the municipal sewerage system.   The resolution provided for a tax levy outside of the 10-mill limitation to pay the interest and principal on such bonds which are to be retired over a maximum period of 25 years.

This resolution was certified to the auditor of Seneca county who calculated the average annual levy which would be required to pay the interest and retire the same.   The certification was based upon the language of the resolution providing for a maximum maturity period of 25 years for such bonds.

Thereafter, the Tiffin city council adopted its resolution determining to proceed with such election, and, pursuant to the resolution and the county auditor's certificate, such action was certified to the Board of Elections of Seneca County.

Pursuant to such certification, the Board of Elections of Seneca County caused notice of the election to be published as provided by law.   The notice of election provided that the bonds in question should have a maximum maturity period of 25 years, but the ballot which was prepared and which was submitted to the electors of the city of Tiffin provided for a maximum period of 30 years to pay the principal and interest of such bonds.

This question was submitted to the electors of the city of Tiffin at the regular election following, and as a result of such election an affirmative vote cast upon the issuing of such bonds was more than the majority required by law. The result of said election was certified by the board of elections to the auditor of Seneca county and the Department of Taxation of the state of Ohio.

Thereafter, the county auditor furnished a certificate as to the estimated life of the property and improvement to be financed, and the maximum maturity period of such bonds, which was certified to be 25 years.

The Tiffin city council thereupon passed its resolution providing for the issuance of notes to be issued in anticipation of the bonds authorized at such election.

The notes authorized were offered to the treasurer of the city of Tiffin and rejected by him and, thereafter, tendered to the respondent auditor for her signature and delivery as provided by the ordinance.

Respondent has refused and does refuse to execute such notes for the reason that the legislation above referred to and the notice of the election submitting such proposal to the electors of the city of Tiffin provided for a maximum maturity period of 25 years for the bonds, whereas the ballot submitting the same to the electors of the city of Tiffin provided for a maximum maturity period of 30 years.

The sole question presented in this case is: Does the form of the ballot which was submitted to the electors of the city of Tiffin, which provided for a maximum maturity period of 30 years rather than a maximum maturity period of 25 years, as set by the proceedings of the city council and the certifications of the county auditor and the city auditor render said bonds invalid?

The case of *State, ex rel. Curren, Dir. of Law,* v.

*Rees, Dir. of Finance,* 125 Ohio St., 578, 183 N. E., 432, is relied upon by the respondent for her refusal to execute and deliver the notes in question.

In that case, the Supreme Court adopted as its *per curiam* opinion the journal entry of the Court of Appeals which held that the provisions of the Uniform Bond Act must be strictly and not liberally construed; that the maximum time for bonds to run cannot be lessened or increased; that substantial compliance with the provisions of the Uniform Bond Act is not sufficient; and that the discrepancy existing in that case was material and impaired the validity of the proceedings in connection with the bond issue.

Since the decision of the *Curren case,* the Supreme Court in several cases has referred to and commented on the court holding in the *Curren case.*

In the case of *State, ex rel. City of Delaware,* v. *Main, Mayor,* 129 Ohio St., 239, 194 N. E., 454, Chief Justice Weygandt, referring to the *Curren case,* stated at page 242:

''The court held simply that the provisions of that general act [the Uniform Bond Act] should be construed with sufficient strictness to prevent the issuance thereunder of bonds whose maturities had been left in doubt by reason of a discrepancy in the various steps taken during the proceedings.''

In the case of *State, ex rel. Bd. of Edn. of Springfield Local School Dist.,* v. *Maxwell,* 144 Ohio St., 565, 60 N. E. (2d), 183, it is stated in the second proposition of the syllabus:

''2. The bond issue of a political subdivision, approved at an election by more than the requisite percentage of electors voting thereon, will not be invalidated on the ground that the resolution of necessity passed under Section 2293-19, General Code, provided for a maximum maturity of 20 years, whereas the notice of the election and the ballots submitted provided

for a tax levy covering a maximum period of 22.5 years."

In the opinion, Judge Zimmerman. stated at page 569:

"It has been generally held that defects, variances and irregularities in the several steps relating to the issuance of bonds should be material, harmful or both before the proceeding may be successfully attacked. See 5 McQuillen on Municipal Corporations (2 Ed.), 363, 1025 and 1035, Sections 2035, 2263 and 2264. It has also been held that unsubstantial irregularities in the resolution of a political subdivision inaugurating an election on a bond issue which do not prejudice anyone will be disregarded, especially where the proposed bond issue as submitted was approved by considerably more than the requisite number of· electors."

Later, in the case of *State, ex rel. Lauderbaugh et al., Bd. of County Commrs. of Franklin County,* v. *Little, Clerk,* 149 Ohio St., 560, 80 N. E. (2d), 148, in commenting on the *Curren case,* it is stated at page 562:

"That case was distinguished on the facts and for the reasons stated in the two later cases of *State, ex rel. City of Delaware,* v. *Main,· Mayor,* 129 Ohio St., 239, 194 N. E., 454, and *State, ex rel. Board of Education of Springfield Local School District, Summit County,* v. *Maxwell,* 144 Ohio St., 565, 60 N. E. (2d), 183.

"In neither of those two later cases did this court hold that the variance, irregularity or discrepancy in maturity dates impaired the validity of the bond-. issue proceedings.

"Section 2293-9, General Code, explicitly provides that 'the maturities of bonds, notes or other evidences of indebtedness * * * *shall not extend beyond*' the limitations specified in the classifications named in that section, but does not require that all such obligations must run the full period of time.

"Section 2293-21, General Code, requires that a notice of election shall state, among other facts, 'the maximum number of years during which such bonds shall run,' and Section 2293-23, General Code, prescribes the form of ballot setting forth the average millage 'for a *maximum* period' of years to pay principal and interest of the bonds. Those requirements are for the purpose of informing the electors of the greatest length of time they may be compelled to pay principal and interest.

"Section 2293-26, General Code, relating to the resolution to issue bonds, although providing that the amount of bonds shall not be greater than that authorized and their purpose shall be in accordance with the prior resolution or ordinance, expressly provides that 'the date, rate of interest and maturity * * * need not be the same as those fixed in the prior resolution or ordinance.' "

In the instant case, the misstatement of the maximum maturity of the bonds was not such a departure from the statute as could mislead, deceive or confuse the electorate.

On the authority of the cases just referred to, decided by the Supreme Court since the opinion was announced in the *Curren case*, the court finds on the question of the invalidity of the bond proceedings in favor of the relator. The demurrer to the petition is, therefore, overruled.

*Demurrer overruled.*

YOUNGER, P. J., and GUERNSEY, J., concur.