Taft, J.,
concurring. The question now raised, relative to the condensed text of Section 2e of Article VIII of the Constitution as it appeared on the November 1955 ballot, might have been raised by contesting, in the manner provided for in Section 3515.08 et seq., Bevised Code, the portion of the election wherein the electors apparently approved that proposed con *76 stitutional provision. If that question had been so raised, I have grave doubt whether this court could reasonable have sustained the validity of the approval of that constitutional provision by the electors. See Beck v. City of Cincinnati, 162 Ohio St., 473, 124 N. E. (2d), 120; Leach v. Brown, Secy. of State, ante, 1; and Thrailkill, a Taxpayer, v. Smith, Secy. of State, 106 Ohio St., 1, 138 N. E., 532.
However, it would be intolerable if there were no limitation on the right to question whether the electors had approved a proposed constitutional amendment; and especially if there were no limitation upon the time within which such approval might be questioned. In the absence of such limitations, could it ever be determined with any degree of certainty what the provisions of our fundamental law were?
Fortunately, this court has usually recognized that any question, as to the validity of what the electors apparently did in an election, must be raised in the manner and within the time specified by the General Assembly in providing for election contests.
Thus, in Peck v. Weddell, 17 Ohio St., 271, where it was sought to enjoin the clerk of courts from recording the abstract of the vote upon the question of the removal of the county seat from one town to another, it was held upon demurrer “that allegations of fraud and illegality in conducting the election, constitute no sufficient ground for such injunction,” and that “wrongs of such a nature can be inquired into and redressed, only by means of a contest of the election, pursuant to the provisions of the” statutes. To the same effect see Link v. Karb, Mayor, 89 Ohio St., 326, 104 N. E., 632. See also State, ex rel. Ingerson, v. Berry, Clerk, 14 Ohio St., 315; State, ex rel. Grisell, v. Marlow, 15 Ohio St., 114; State, ex rel. Wetmore, v. Stewart, Clerk, 26 Ohio St., 236; State, ex rel. Shriver, County Engineer, v. Hayes, 148 Ohio St., 681, 76 N. E. (2d), 869.
In Beck v. City of Cincinnati, supra, the successful attack on the validity of the election was made in statutory election contest proceedings.
In cases involving the issuance of bonds or the levy of taxes, it may sometimes appear that this court permitted an attack on the validity of an election in other than an election *77 contest. However, in such cases the decision has not resulted from allowance of an election contest in proceedings other than those representing a statutory election contest, but it has resulted from the finding of a failure to do something that the statutes mandatorily required should be done as a condition precedent to the issuance of the bonds or the levy of the tax. See State, ex rel. Board of County Commrs., v. Guckenberger, Aud., 165 Ohio St., 12, 133 N. E. (2d), 323; State, ex rel. Board of Education, v. Wheeler, Clerk, 152 Ohio St., 101, 87 N. E. (2d), 247; State, ex rel. Curren, Dir., v. Rees, Dir., 125 Ohio St., 578, 183 N. E., 432; State, ex rel. Jackson, v. Board of County Commrs., 122 Ohio St., 456, 172 N. E., 154; Elyria Gas & Water Co. v. City of Elyria, 57 Ohio St., 374, 49 N. E., 335.
In the instant case, the question is merely whether Section 2e of Article VIII is now a part of our Constitution. That depends upon whether it was approved by the electors at the November 1955 election (Section 1 of Article XVI of the Constitution), as their votes apparently indicated it was. Since that apparent approval was not even questioned in an election contest, it cannot be collaterally attacked in this proceeding.
Stewart and Bell, JJ., concur in the foregoing concurring opinion.